# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PERKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>PAUL D. BRAZELTON, et al.,<br><br>  Defendants. | 1:17-cv-00308-BAM (PC)<br><br>SCREENING ORDER GRANTING LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Randy Perkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action was transferred to this Court on March 3, 2017. (ECF No. 9.) Plaintiff's complaint, filed on December 16, 2016, is currently before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Health Care Facility in Stockton, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP").  Plaintiff names the following defendants in their individual and official capacities: (1) Warden Paul D. Brazelton; (2) Governor Edmund G. Brown; (3) Deputy Director J. Lewis, Policy and Risk Management Services for California Correctional Health Care Services; and (4) John/Jane Does 1 through 9.

Plaintiff alleges as follows:  Between 2005 and 2010, while Plaintiff was housed at PVSP, the geographical location of the prison was known to the California Department of Corrections and Rehabilitation ("CDCR") as hyper-endemic for coccidioidomycosis, also known as Valley Fever or Cocci.  During this time, Defendants knew that placing inmates at PVSP—where the prevalence of soils that were spore laden with Cocci were a known hazard and where Valley Fever was occurring at epidemic rates—posed an unacceptable risk of irreparable harm to Plaintiff and all other similarly situated inmates.

Plaintiff contends that Defendants not only placed him in harm's way, but also failed to implement rudimentary measures recommended by their own medical experts to protect Plaintiff from the disease. Plaintiff further contends that Defendants could have taken any one of several actions to prevent him from contracting Valley Fever. Plaintiff asserts that high risk prisoners, like Plaintiff who already suffered from a bone tumor on his skull, could have been diverted or transferred a safe distance away from PVSP either through adoption of an appropriate policy or on a case-by-case basis.

Plaintiff alleges that Defendants' experts repeatedly recommended, and Defendants could have implemented, soil control measures at PVSP to reduce inmate exposure with basic steps such as paving, landscaping and soil stabilization. Plaintiff further alleges that prison authorities repeatedly recommended that prison ventilation systems be improved or that existing ventilation systems be properly maintained in order to protect inmates like Plaintiff from avoidable indoor exposure to Cocci spores.

Defendants did not take any of the available actions, and instead authorized major construction of a state hospital facility complex several hundred yards or less from PVSP. Plaintiff asserts that this project, which lasted for several years, churned the soil and threw Cocci spores into the air immediately adjacent to PVSP. During this construction, Defendants failed to take protective measures and continued to transfer high-risk inmates, such as Plaintiff, to PVSP. Plaintiff contends that Defendants knowingly exposed him to a serious disease in reckless indifference to his health and safety.

Plaintiff avers that at no time between 2005 and 2010, while housed at PVSP, was he ever informed by Defendants that the flawed or poorly maintained ventilation system at PVSP directly exposed him to airborne spores known to cause Valley Fever. Plaintiff alleges that as a result of this exposure, he contracted Valley Fever. Plaintiff was given treatment for Valley Fever. However, he was later re-diagnosed and treated for asthma, which Plaintiff believes was an action to avoid liability.

Plaintiff asserts that Defendants failed to take steps to protect him from dangerous exposure to spores that caused him to contract Valley Fever, and Defendants were deliberately

3

indifferent to his health and safety by knowingly exposing him to dangerous conditions of confinement in violation of the Eighth Amendment. Plaintiff seeks damages, along with rehabilitative treatment and declaratory relief.

**III.     Discussion**

   **A. Section 1983 Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link the defendants in this action to a constitutional violation. Indeed, the allegations in Plaintiff's complaint do not reference any defendant by name. Plaintiff may not simply group together defendants, which include high-ranking state officials and unidentified correctional employees, and assert that they knew of any alleged risk and failed to take steps to abate it. Instead, Plaintiff must allege what each named defendant did or did not do that caused the asserted constitutional violation. Plaintiff will be granted leave to amend his complaint to cure this deficiency.

///

///

**B. Supervisory Liability**

Plaintiff brings suit against Warden Brazelton, Governor Brown and Deputy Director Lewis. Insofar as Plaintiff seeks to hold these defendants liable based on their supervisory roles, Plaintiff may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff provides no facts demonstrating that Defendants Brazelton, Brown or Lewis knew of any danger faced by Plaintiff and failed to respond, that they were personally involved in Plaintiff's housing assignment, or that they engaged in any wrongful conduct. Plaintiff also provides no facts to demonstrate that any of these individuals implemented a deficient policy resulting in a constitutional violation. Plaintiff will be given an opportunity to cure these deficiencies to the extent he is able to do so in good faith.

**C. Eleventh Amendment – Official Capacity**

Insofar as Plaintiff seeks to bring claims for damages against any defendant in his or her official capacity, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Therefore, the Eleventh Amendment bars any claim for monetary damages against defendants acting in their official capacities.

**D. Doe Defendants**

Plaintiff names John/Jane Does 1 through 9, who are identified only as CDCR employees. Plaintiff does not identify their positions, their duties or responsibilities or how they are connected to Plaintiff's allegations. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and stated a cognizable claim against them.

**E. Eighth Amendment – Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted)

Recognizing that Valley Fever poses a serious risk to human health, and accepting the premise that certain individuals are more susceptible to infection than others, the Court proceeds on the presumption that, where Plaintiff demonstrates Defendants knew of but were deliberately indifferent to a substantial risk that Plaintiff would contract Valley Fever if housed at PVSP, he has sufficiently alleged a cognizable Eighth Amendment claim. See Maciel v. California Dep't of Corr. & Rehab., No. 1:16-cv-00996-DAD-MJS (PC), 2017 WL 1106038, at *5 (E.D. Cal. Mar. 23, 2017); see also Allen v. Kramer, No. 15-cv-01609-DAD-MJS, 2016 WL 4613360, at *6 (E.D. Cal. Aug. 17, 2016) ("Plaintiff has a right to be free from exposure to an environmental hazard that poses an unreasonable risk of serious damage to his health whether because the levels of that environmental hazard are too high for anyone or because Plaintiff has a particular

susceptibility") (relying on Helling v. McKinney, 509 U.S. 25, 33-35 (1993)), findings and recommendations adopted, Order Adopting, Allen v. Kramer, No. 15-cv-01609-DAD-MJS, E.D. Cal. Nov. 23, 2016, ECF No. 13.

In order to state a cognizable Eighth Amendment claim, Plaintiff must allege facts reflecting that each defendant was aware that Plaintiff, due to his race or other personal characteristic, was at high risk of contracting Valley Fever; that PVSP was situated and managed so as to expose its inmates to excessively high or dangerous levels of cocci spores, and defendants ignored that risk and failed to take available steps to protect Plaintiff from it; and that Plaintiff did in fact contract Valley Fever or suffer some other cognizable harm. Maciel, 2017 WL 1106038 at *5.

Although Plaintiff has alleged that he was at high risk of contracting Valley Fever, Plaintiff has not adequately demonstrated that any defendant was deliberately indifferent to that risk. Plaintiff's complaint includes conclusory allegations that defendants knew he faced a risk of harm and failed to take available steps to protect him, but these allegations are not sufficient to impute knowledge to any of the individual defendants of that risk, the conditions at PVSP or the availability of or need for protective measures. Plaintiff's complaint also indicates that his initial diagnosis of Valley Fever was later amended to asthma, suggesting that Plaintiff did not contract Valley Fever while housed at PVSP. The Court therefore finds that Plaintiff has not pled affirmative facts linking each individual defendant to a violation of his rights. Plaintiff will be given leave to amend to cure these deficiencies.

**F. State Law Claims**

Plaintiff appears to assert a state law tort claim. However, as indicated above, Plaintiff has not state any cognizable claims for relief based on a violation of his federally-protected rights.

The Court generally declines to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims, and this case presents no exception. 28 U.S.C. § 1367(c)(3). Section 1983 provides a cause of action for the deprivation of federally protected rights. "To the extent that the violation of a state law amounts to the deprivation of a state-

7

created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996)); see Davis v. Kissinger, No. CIV S–04–0878 GEB DAD P, 2009 WL 256574, * 12 n. 4 (E.D. Cal. Feb. 3, 2009).

In the absence of any viable federal claims, the Court declines to screen any of Plaintiff's purported state law claims.

**IV.  Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order; and

///

///

8

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: __**December 13, 2017**__             /s/ Barbara A. McAuliffe  
                                                         UNITED STATES MAGISTRATE JUDGE