# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PERKINS,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL D. BRAZELTON, et al.,<br><br>    Defendants. | 1:17-cv-00308-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 17)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Randy Perkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action was transferred to this Court on March 3, 2017. (ECF No. 9.) On December 14, 2017, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 14.) Plaintiff's first amended complaint, filed on February 26, 2018, is currently before the Court for screening. (ECF No. 17.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

1

§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Courts are required to liberally construe pro se prisoner complaints. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Health Care Facility in Stockton, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP"). Plaintiff names the following defendants: (1) Arnold Schwarzenegger, former Governor of the State of California; (2) Governor Edmund G. Brown; (3) Deputy Director J. Lewis, Policy and Risk Management Services for California Correctional Health Care Services; (4) PVSP Warden Paul D. Brazelton; and (5) Felix Igbinosa, PVSP Chief Medical Officer;

Claim I: Between 2005 and 2010, Plaintiff was housed at PVSP. Beginning in 2005, Coccidioidomycosis, also known as Valley Fever or Cocci, began spreading at a rate of infection at PVSP that was dozens of times higher than in the neighboring towns. Unbeknownst to

2

Plaintiff until 2016, because of a large construction project that had been completed in 2005—a large State Hospital Complex only 200 yards from PVSP—inmates at PVSP were 400 times more likely to contract Cocci than persons living nearby. Since 2005, around 4,000 California inmates have contracted Valley Fever, with 53 of those inmates having died from the increased rates of Valley Fever. Despite the dramatic increase in Valley Fever cases among both inmates and prison staff at PVSP since construction began on the State Hospital, both State and prison officials knew, or should have known, that placing inmates at PVSP posed an unacceptable risk of harm to Plaintiff, especially where Valley Fever was already occurring at epidemic rates prior to construction. Plaintiff assets that even though Valley Fever is likely to lead to a relatively mild form of the disease for most who contract under natural conditions, the disease can rapidly progress to a disseminated form, particularly in African Americans and anyone who may be immune-compromised or immune suppressed, like Plaintiff, who already suffered from a "bone tumor" in his skull.

Plaintiff contends that defendants, who had a duty to not knowingly directly place him in harm's way of contracting Valley Fever, also failed to implement even rudimentary measures and precautions recommended by defendants' own medical experts to protect Plaintiff from Valley Fever. Plaintiff also contends that defendants could have taken any of several actions that would have prevented him from contracting Valley Fever, and could have diverted or transferred him from PVSP, by adoption of an appropriate policy or on a case-by-case basis.

Plaintiff further alleges that defendants' staff experts repeatedly commented that defendants could have implemented soil control measures at PVSP to reduce inmate exposure to Cocci, such as paving, landscaping and soil stabilization. Defendants' experts repeatedly commented on these prophylactic measures and urged defendant to implement them. Defendants experts also repeatedly recommended that the ventilation systems that supplied the only source of fresh air to cells at PVSP be improved or outfitted with better air filters and be properly maintained in order to protect inmates, including Plaintiff, from avoidable exposure to Cocci spores inside their cells. Plaintiff contends that defendants failed to take any of these actions and instead authorized the construction of the state hospital only several hundred yards away from

3

PVSP.

Plaintiff asserts that even after a dramatic rise in the number of Valley Fever cases and deaths coinciding with the construction of the state hospital, which Defendants Schwarzenegger, Lewis, Brazelton, and Igbinosa knew, or should have known, was attributable to the construction activity, defendants continued to transfer high-risk inmates, including Plaintiff, to PVSP and knowingly expose Plaintiff to the risk of Valley Fever.

At no time between 2005 and 2010, did any defendant notify Plaintiff about the danger posed by an increased amount of Cocci spores. As a result of his exposure, Plaintiff contracted Valley Fever. When first diagnosed, Plaintiff was given a steady regimen of the powerful antifungal, Diflucan. However, Plaintiff was re-diagnosed as having only Asthma and only treated for Asthma, "in what plaintiff asserts and avers was an action undertaken by defendant Igbinosa at the direction of higher-up CDCR officials in order to avoid liability." (ECF No. 17 at p. 10.)

Plaintiff complains that although Defendants Schwarzenegger, Lewis, Brazelton and Igbinosa all had knowledge of the danger Plaintiff was exposed to by the heightened Cocci spore activity between 2005 and 2010, they did not take any action to protect Plaintiff from the dangerous spores. Plaintiff asserts that the exhibited deliberate indifference to his health, safety and well-being in violation of the Eighth Amendment.

Claim II

In Claim II, Plaintiff alleges that based on the unusually heightened number of Valley Fever infections and deaths since 2005, Defendants Schwarzenegger, Brown and Lewis knew or should have known that they had a duty to take steps to abate or encapsulate the increased amount of Cocci spores made airborne by construction of the state hospital near PVSP. The level of Cocci exposure was allegedly known to these defendants to present a genuine health hazard of significant intensity and duration, creating a substantial risk of serious harm to Plaintiff and other similarly-situated inmates.

As of the date of the first amended complaint, Plaintiff alleges that Defendants Schwarzenegger, Brown and Lewis have not taken any noticeable or valid steps to warn Plaintiff

4

or any other inmate confined at PVSP between 2005 and 2011 that they had been exposed to and contracted Valley Fever as a proximate result of the high-increased health hazard created during the large construction project just 200 yards away. Defendants Schwarzenegger and Lewis reportedly were aware of the lingering, ever present, highly increased health hazard posed by the disturbed soils from the construction of the state hospital next to PVSP. On at least one occasion, PVSP prison officials sought and were given approval to spray the entire prison grounds at PVSP with a substance intended to encapsulate or suspend the loose top-soil that continued to blow over to PVSP on a daily basis. To date, Defendants Schwarzenegger, Brown, Lewis, Brazelton and Igbinosa allegedly failed or refused to inform each and every inmate at PVSP who contracted Valley Fever between 2005 and 2011 that they were knowingly exposed to high level of Cocci spores due to the construction project. As a result of the refusal to inform Plaintiff and other similarly-situated inmates, Plaintiff was not aware of defendants' actions or inaction until he was informed by another inmate in 2016, shortly before he filed this lawsuit.

Plaintiff further alleges that the inaction of Defendants Schwarzenegger, Brown and Lewis ensured that Plaintiff and other similarly-situated inmates were exposed to heightened, aggravated or dangerous levels of Cocci spores and attempted to hide liability for the dangerous conditions at PVSP.

Plaintiff seeks damages, along with rehabilitative treatment and declaratory relief.

**III.     Discussion**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted)

Recognizing that Valley Fever poses a serious risk to human health, and accepting the premise that certain individuals are more susceptible to infection than others, the Court proceeds on the presumption that, where Plaintiff demonstrates Defendants knew of but were deliberately indifferent to a substantial risk that Plaintiff would contract Valley Fever if housed at PVSP, he has sufficiently alleged a cognizable Eighth Amendment claim. See Maciel v. California Dep't of Corr. & Rehab., No. 1:16-cv-00996-DAD-MJS (PC), 2017 WL 1106038, at *5 (E.D. Cal. Mar. 23, 2017); see also Allen v. Kramer, No. 15-cv-01609-DAD-MJS, 2016 WL 4613360, at *6 (E.D. Cal. Aug. 17, 2016) ("Plaintiff has a right to be free from exposure to an environmental hazard that poses an unreasonable risk of serious damage to his health whether because the levels of that environmental hazard are too high for anyone or because Plaintiff has a particular susceptibility") (relying on Helling v. McKinney, 509 U.S. 25, 33-35 (1993)), findings and recommendations adopted, Order Adopting, Allen v. Kramer, No. 15-cv-01609-DAD-MJS, E.D. Cal. Nov. 23, 2016, ECF No. 13.

In order to state a cognizable Eighth Amendment claim, Plaintiff must allege facts reflecting that each defendant was aware that Plaintiff, due to his race or other personal characteristic, was at high risk of contracting Valley Fever; that PVSP was situated and managed so as to expose its inmates to excessively high or dangerous levels of cocci spores, and defendants ignored that risk and failed to take available steps to protect Plaintiff from it; and that Plaintiff did in fact contract Valley Fever or suffer some other cognizable harm. Maciel, 2017 WL 1106038 at *5.

Although Plaintiff has alleged that he was at high risk of contracting Valley Fever, Plaintiff has not adequately demonstrated that any defendant was deliberately indifferent to that risk. Plaintiff's complaint includes conclusory allegations that defendants knew he faced a risk of harm and failed to take available steps to protect him, but these allegations are not sufficient to impute knowledge to any of the individual defendants of Plaintiff's risk or a particular susceptibility. Plaintiff's amended complaint also indicates that his initial diagnosis of Valley Fever was later amended to asthma, suggesting that Plaintiff did not contract Valley Fever while housed at PVSP. The Court therefore finds that Plaintiff has not pled affirmative facts linking

each individual defendant to a violation of his rights. Plaintiff has been unable to cure this deficiency.

## IV. Conclusion and Recommendation

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court HEREBY RECOMMENDS that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 6, 2018**         /s/ *Barbara A. McAuliffe*
                            UNITED STATES MAGISTRATE JUDGE