UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PERKINS,<br><br>                Plaintiff,<br><br>     v.<br><br>PAUL D. BRAZELTON, et al.,<br><br>                Defendants. | No. 1:17-cv-00308-DAD-BAM<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CASE, WITH PREJUDICE, ON QUALIFIED IMMUNITY GROUNDS</u><br><br>(Doc. Nos. 18, 21) |

Plaintiff Randy Perkins is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff alleges that defendants exhibited deliberate indifference to his high risk of contracting Valley Fever while he was incarcerated at Pleasant Valley State Prison from 2005 to 2010. (Doc. No. 17 at 3.) On June 6, 2018, the assigned magistrate judge entered findings and recommendations, recommending that this case be dismissed for the failure to state a cognizable claim. (Doc. No. 18.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 7.) After receiving an extension of time in which to do so, plaintiff filed his objections on July 26, 2018. (Doc. No. 21.)

/////

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned concludes the findings and recommendations are supported by the record and proper analysis.

Plaintiff's objection to the pending findings and recommendations is based primarily on his assertion that he has not been granted the opportunity to conduct even limited discovery as of yet in this action, and that "his allegations are at least sufficient enough on their face" to warrant "depositions, or their functional-equivalent by means of limited interrogatories," to determine whether "a serious injustice has been perpetrated, or whether the plaintiff is just 'grasping at straws,' so-to-speak." (Doc. No. 21 at 3–4).

The court has considered plaintiff's objection. However, his Eighth Amendment claim has now been foreclosed by the Ninth Circuit's recent decision in *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019), *cert. denied sub nom. Smith v. Schwarzenegger*, No. 18-1590, 2019 WL 4921481 (U.S. Oct. 7, 2019). In that case, a consolidated appeal, the plaintiffs challenged the constitutionality of housing inmates in a hyperendemic area for Valley Fever under the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Equal Protection Clause. *Hines*, 914 F.3d at 1226–27. The Ninth Circuit defined the Eighth Amendment right at issue in the consolidated appeals before it as "the right to be free from heightened exposure to Valley Fever spores" and concluded that such a constitutional right was not clearly established at the time the defendant officials acted.[1] *Id.* at 1228–30.

The undersigned pauses to note that in *Hines*, the Ninth Circuit did not decide whether exposing inmates to a heightened risk of Valley Fever violates or could ever violate the Eighth

---

[1] According to the dockets in each of the fourteen cases on consolidated appeal and the operative complaints in those cases, the time period at issue before the Ninth Circuit in *Hines* appears to be no broader than between 2003 and 2014. Therefore, the Ninth Circuit conclusion that the right of prisoners, including those at a heightened risk of contracting Valley Fever, to be free from exposure to Valley Fever spores was not clearly established at the time the defendant officials acted is limited to that time period within which plaintiff's allegations here fall. *See Hines*, 914 F.3d at 1230 ("We therefore conclude that *when the officials acted*, existing Valley Fever cases did not clearly establish that they were violating the Eighth Amendment.") (emphasis added).

2

Amendment. *Id.* at 1229 ("The courts below did not decide whether exposing inmates to a heightened risk of Valley Fever violates the Eighth Amendment. Neither do we.").[2] Instead, the Ninth Circuit proceeded "straight to the second prong of the qualified immunity analysis: whether a right to not face a heightened risk was 'clearly established' at the time" the officials in the cases before the court had acted. *Id.*[3]

As a result, plaintiff's objections do not provide a basis for the court to depart from the qualified immunity analysis set forth in *Hines*. This court is bound by the Ninth Circuit's holding that it was not clearly established during the time period at issue in this case that it was a violation of the Eighth Amendment to expose prisoners to a heightened risk of contracting Valley Fever,

---

[2] Indeed, the Ninth Circuit acknowledged that case law with respect to such a constitutional right was perhaps developing, but not yet clearly established. *Hines*, 914 F.3d at 1230.

[3] The court in *Hines* also chose to address, at some length, whether the alleged constitutional violation before it was so clear or obvious that no case specifically so holding was required. *See Hines*, 914 F.3d at 1230. Such "obvious" cases have been found to be extremely rare. *See District of Columbia v. Wesby*, ___U.S.___, ___, 138 S. Ct. 577, 590 (2018) ("Of course, there can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances."); *West v. Caldwell*, 931 F.3d 978, 982–83 (9th Cir. 2019); *Schneyder v. Smith*, 653 F.3d 313, 330 (3d Cir. 2011) ("[T]his is one of those exceedingly rare cases in which the existence of the plaintiff's constitutional right is so manifest that it is clearly established by broad rules and general principles."); *see also Hope v. Pelzer*, 536 U.S. 730, 734–35 (2002). It seems apparent from the decision's statement of facts that the court in *Hines* did not view the cases before it to be of that rare variety. *See* 914 F.3d at 1223–26. Nonetheless, after concluding that the claims were not based upon any clearly established right, the court chose to also explain that there was no obvious or clear constitutional violation presented because: (1) since 2006, California prison officials' actions were supervised by a federal Receiver, "appointed by the federal court to assure Eighth Amendment compliance" and who "actively managed the state prison system's response to Valley Fever"; and (2) there was no evidence that the risk of Valley Fever is one that society is not prepared to tolerate because millions of people accept that risk by voluntarily living in California's Central Valley. *Id.* at 1230–31. Whether this latter aspect of the decision in *Hines* is *dicta* is not relevant to this court's review of the pending findings and recommendations. However, this portion of the *Hines* opinion appears not to have been based solely on the record before the court since the district court had dismissed the complaints, not granted summary judgment, on qualified immunity grounds. Moreover, by emphasizing that the plaintiffs had not claimed that state officials defied the orders of the Receiver, and that officials could have therefore reasonably believed that their actions were constitutional so long as they complied with such order, 914 F.3d at 1231, the opinion in *Hines* suggests that if, for example, officials were to fail to comply with such orders or if the receivership were terminated, the qualified immunity analysis in cases involving Valley Fever based claims under the Eighth Amendment may be different.

3

notwithstanding a January 2007 report issued by the California Department of Health Services and an April 2012 report by the California prison system's own healthcare services. The court in *Hines* considered those same reports, *see* 914 F.3d at 1224–25, and still determined that, in the cases before it, there was no clearly established constitutional right not to be exposed to a heightened risk of contracting Valley Fever by assignment to a prison experiencing an outbreak of the disease.[4]

Because plaintiff's complaint and objections provide no basis upon which to distinguish the Ninth Circuit's binding decision in *Hines* or the qualified immunity analysis set forth therein, the undersigned concludes that plaintiff's claims must be dismissed.

For these reasons:

1. The findings and recommendations issued on June 6, 2018 (Doc. No. 18) are adopted in full;
2. In keeping with the Ninth Circuit's decision in *Hines*, defendants are entitled to qualified immunity on plaintiff's deliberate indifference claim based on his exposure to Valley Fever;

/////

/////

---

[4] As summarized by the court in *Hines*:

> In 2005, California prison officials noticed a "significant increase" in the number of Valley Fever cases among prisoners. The federal Receiver asked the California Department of Health Services to investigate the outbreak at Pleasant Valley State Prison, the prison with the highest infection rate. After its investigation, the Department of Health Services issued a report in January 2007. *It stated that Pleasant Valley State Prison had 166 Valley Fever infections in 2005, including 29 hospitalizations and four deaths. The infection rate inside the prison was 38 times higher than in the nearby town and 600 times higher than in the surrounding county.* According to the report, "the risk for extrapulmonary complications [was] increased for persons of African or Filipino descent, but the risk [was] even higher for heavily immunosuppressed patients."

914 F.3d at 1225 (emphasis added).

3. The case is dismissed with prejudice on qualified immunity grounds; and

4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **October 11, 2019**

_____
UNITED STATES DISTRICT JUDGE